James LANEY, et al., Appellants,

v.

Larry CRAWFORD, et al., Respondents.

No. WD 69067.

Missouri Court of Appeals,
Western District.

Oct. 7, 2008.

---

James Laney, Green, MO, for appellant.

Ronald Salvatore Ribaudo, Atty. Gen. Office, Jefferson City, MO, for respondent.

RONALD R. HOLLIGER, Judge.

James Laney appeals the trial court's award of judgment on the pleadings in favor of Larry Crawford, Director of the Missouri Department of Corrections. Because Laney's notice of appeal was untimely, we dismiss his appeal.

Laney filed a declaratory judgment action claiming that he was entitled to "good time" credit under section 558.041, RSMo 2000. The trial court entered judgment on August 23, 2007, holding that that statute expressly excepts those "persons committed pursuant to subsection 3 of section 558.018." Section 558.018.3 mandates that the sentence for a "persistent sexual offender" be life imprisonment without eligibility for probation or parole. RSMo Cum.Supp.2007.

■ Laney filed a timely motion for new trial on September 4, 2007, which was overruled on September 10, 2007. Where a timely authorized after-trial motion is filed, finality of a judgment is delayed until 90 days after the last timely motion is filed or until the last timely motion is ruled on or thirty days from the date of judgment, whichever is later. Rule 81.05(a)(2)(A-B). Because the trial court overruled the motion for new trial on September 10, the judgment became final on September 24, 2007, thirty days after entry of judgment. Rule 81.05(a)(2)(B); Rule 44.01(a). The notice of appeal was due ten days later, or October 4, 2007. However, Laney did not file his notice of appeal until November 16, 2007. Laney did not seek a special order extending the appeal period under Rule 81.07(a).

■ The finality of the court's judgment could be further extended, however, if Laney filed some other timely after-trial motion. Although he did file a "Motion for Complete Adjudication of All Issues and Claims," that motion is not an authorized post-trial motion. Moreover, it simply reiterated the arguments raised in his motion for new trial, which had already been overruled.

■ Laney suggests, however, that the judgment below is still not final because it failed to dispose of all his claims. In that event his appeal would be premature. Laney contends the judgment was not final

because the court failed to rule on whether he was entitled to "good time" for his convictions for sodomy and rape. He misunderstands section 558.041, which expressly excepts from "good time" consideration those committed pursuant to section 558.018.3, as was Laney. Once the court found that Laney had been committed under that statute, all claims had been fully adjudicated and the judgment was final.

Therefore, this appeal comes too late and is dismissed.

JAMES M. SMART, JR., Presiding Judge, and THOMAS H. NEWTON, Judge, concur.